IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02701-BNB

THOMAS DURAN PRICE,

    Applicant,

v.

SARA M. REVELL, Warden,

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 27 2008

GREGORY C. LANGHAM
CLERK

_____

## ORDER OF DISMISSAL

_____

Applicant, Thomas Duran Price, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. Mr. Price initiated the instant action by filing *pro se* an application for a writ of habeas corpus and a supporting brief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

On January 28, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Price to show cause within thirty days why the habeas corpus application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 (2006) in the United States District Court for the Western District of Pennsylvania (Western District of Pennsylvania). On February 8, 2008, Mr. Price submitted his response to the order to show cause.

The Court must construe liberally the habeas corpus application and the response to the show-cause order because Mr. Price is representing himself. *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Price was convicted in the Western District of Pennsylvania of armed bank robbery and carrying and using a firearm during and in relation to a crime of violence. His conviction and sentence were affirmed on direct appeal. *See United States v. Price*, 76 F.3d 526 (3d Cir. 1996). In the instant action, Mr. Price is challenging the validity of his sentence. He alleges that he was sentenced to twenty-six years and ten months of imprisonment. He contends that the sentence is excessive and unreasonable and that the sentence enhancements were improper. On January 28, 2005, Mr. Price filed a motion pursuant to 28 U.S.C. § 2255 in the Western District of Pennsylvania, which on June 20, 2006, denied the motion.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C.

§ 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

As noted above, Mr. Price is challenging the validity of his sentence in the instant habeas corpus action. He fails to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. The fact that Mr. Price was denied § 2255 relief in the sentencing court does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. The fact that Mr. Price may be barred from filing a second or successive motion in the sentencing court pursuant to § 2255 also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Lastly, Mr. Price's argument that he is unable to obtain the address or § 2255 forms for filing another motion to vacate in the Western District of Pennsylvania does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. Therefore, this action will be denied because Mr. Price has an adequate and effective remedy pursuant to § 2255 in the Western District of Pennsylvania. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because Applicant, Thomas Duran Price, has an adequate and effective

remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western

District of Pennsylvania, the sentencing court.

DATED at Denver, Colorado, this 27 day of February , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02701-BNB

Thomas Duran Price
Reg. No. 05324-068
USP - Florence
PO Box 7000
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/27/08

GREGORY C. LANGHAM, CLERK

By:_____
           Deputy Clerk